# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          )
                            )
        Plaintiff,          )
    v.                      )
                            )
MICHAEL T. DAVIS,           )    Cr. ID. No. 1802003516
                            )
        Defendant.          )

Submitted: October 10, 2020
Decided: November 4, 2020

Upon Commissioner's Report and Recommendation
That Defendant's Motion for Postconviction Relief
Should Be Denied

**ADOPTED**

## **ORDER**

This 4th day of November, 2020, the Court has considered the Commissioner's Report and Recommendation, Defendant's Motion for Postconviction Relief, and the relevant proceedings below.[1]

On February 6, 2018, Defendant's car was stopped by Detective Patrick McAndrew of the Delaware State Police.[2] Detective McAndrew observed that the window tint on Defendants car was so dark he could not discern how many

---

[1] Defendant did not file any objection to the Commissioner's Report and Recommendation.
[2] D.I. 14.

occupants were in the car.[3] This observation prompted the stop.[4] After approaching the car, Detective McAndrew smelled marijuana and saw small pieces of marijuana on the floor of the car.[5] Detective McAndrew additionally noticed a low profile police headlight on the front windshield.[6] These observations led police to search Defendant's car.[7] The search uncovered a fully loaded .40 caliber pistol and eleven (11) rounds of ammunition.[8]

In connection with the stop and search, Defendant was arrested and charged with: (i) Possession of a Firearm by a Person Prohibited; (ii) Possession of Ammunition by a Person Prohibited; (iii) Carrying a Concealed Deadly Weapon; (iv) Resisting Arrest; and (v) Second Degree Assault.[9] Defendant's counsel filed a Motion to Suppress the evidence, arguing that Detective McAndrew did not have the requisite reasonable, articulable suspicion of criminal activity necessary to justify the stop and search.[10] Defendant argued in the alternative that even if the stop was proper, the scent and evidence of marijuana were insufficient to support a suspicion that Defendant possessed any more than a personal use quantity.[11] On

---

[3] *Id.*
[4] *Id.*
[5] D.I. 16.
[6] *Id.* at 2.
[7] I.D. 16.
[8] *Id.*
[9] I.D. 7.
[10] *Id.* at 2.
[11] *Id.* at 2-3.

August 9, 2018, before the hearing for the Motion to Suppress was scheduled to take place, Defendant pled guilty to one count of Possession of a Firearm by a Person Prohibited.[12] The remaining charges were *nolle prossed*.[13]

On July 29, 2020, Defendant filed a motion for post-conviction relief arguing that his counsel was ineffective.[14] The motion was assigned to a Superior Court Commissioner pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Procedure Rule 62. The Commissioner summarized Defendant's arguments as follows:

> (1) Defense counsel failed to thoroughly investigate allegations against the Defendant such as police reports and statements from the three other officers present at the scene other than [Detective McAndrew]; (2) Defense counsel failed to review the testimony of key witnesses and review the necessary reports and available documents; (3) Defense counsel failed to move forward with the Motion to Suppress but rather persuaded Defendant to accept the plea bargain; and (4) Due to these alleged deficiencies by defense counsel, Defendant would have obtained a favorable result in a suppression hearing and/or trial.[15]

In order to succeed on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, *i.e.*, that it fell below "an objective standard of reasonableness," and (2) counsel's deficient

---

[12] D.I. 30.
[13] *Id.*
[14] D.I. 25.
[15] Comm'r Report of Sept. 30, 2020, at 5.

performance prejudiced the defendant.[16]  After careful analysis, the Commissioner found that Defendant was unable to meet the first prong of the test.[17]  The Court agrees.  Defense counsel's recommendation that Defendant accept the plea bargain offered by the State was reasonable given the severe penalty Defendant would have faced if convicted of all charges.  Additionally, there is no clear showing that Defendant's Motion to Suppress would have been granted, especially considering the case authority cited by the Commissioner.[18]  Further, defense counsel was not required to complete in-depth discovery prior to the time of the hearing for the Motion to Suppress because that motion would have been case dispositive if granted.  Finally, the execution of the Truth in Sentencing Guilty Plea form and plea colloquy show that Defendant entered his guilty plea knowingly, voluntarily, and intelligently.[19]

The Court holds that the Commissioner's Report and Recommendation dated September 30, 2020 should be adopted for the reasons set forth therein.  The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[20]

---

[16] *Strickland v. Washington*, 466 U.S. 668 (1984).
[17] Comm'r Report at 9-12.
[18] Comm'r Report at 11.
[19] D.I. 20.
[20] Super. Ct. Crim. R. 62(a)(4)(iv).

**THEREFORE,** after a careful *de novo* review of the record in this action, the Court hereby **adopts the Commissioner's Report and Recommendation in its entirety**. Defendant's Motion for Postconviction Relief is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston